UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR W. ROLAND, *et al.*, | No. C-11-6206 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; AND FINDING DEFENDANT'S MOTION TO STRIKE MOOT** |
| WACHOVIA MORTGAGE CORPORATION, *et al.*, | |
| Defendants. | **(Docket Nos. 19-20)** |
| _____/ | |

Plaintiffs Arthur W. Roland and Michele R. Roland have filed suit against Defendants Wachovia Mortgage Corporation and Wells Fargo Bank, N.A., asserting claims based on a home loan entered into in or about January 2008. Currently pending before the Court are two motions filed by Wells Fargo: (1) a motion to dismiss and (2) a motion to strike. Wells Fargo is filing the motion on its own behalf and as successor to Wachovia Mortgage, FSB. *See* Docket No. 19 (Mot. at 1). Having considered the parties' briefs, as well as the oral argument of counsel, the Court hereby **GRANTS** the motion to dismiss and finds the motion to strike moot.

With respect to the motion to dismiss, the Court agrees with Wells Fargo that all of Plaintiffs' claims -- except for part of their claim for breach of contract -- are subject to claim preclusion. More specifically, Plaintiffs' claims challenging the failure to disclose are all covered by the release in *Mandrigues v. World Savings, Inc.*, No. C-07-4497 JF. Plaintiffs conceded as much, both in their papers and at the hearing. Accordingly, for these claims, the Court grants the motion to dismiss with prejudice.

The only claim not precluded is that part of the breach-of-contract claim in which Plaintiffs allege that Defendants failed to process a loan modification application under HAMP and Defendants' own proprietary guidelines as Defendants had promised they would. However, dismissal of this claim is still warranted because Plaintiffs have failed to provide sufficient information about agreement, including but not limited to its terms. Accordingly, the Court grants the motion to dismiss as to this claim but without prejudice. Plaintiffs have leave to amend their complaint by April 9, 2012. In their amended complaint, Plaintiffs should clarify whether the agreement was oral or written, provide detail as to the terms of the agreement, and provide information as to the consideration given. Plaintiffs are permitted to plead claims in addition to the claim for breach of contract so long as they are based on the same underlying facts.

As for Wells Fargo's motion to strike, it is essentially moot. Plaintiffs effectively dropped all of their tort claims based on the alleged failure to disclose, including but not limited to the claim for negligent infliction of emotional distress.

This order disposes of Docket Nos. 19 and 20.

IT IS SO ORDERED.

Dated: March 12, 2012

_____
EDWARD M. CHEN
United States District Judge